IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHENARD KHAMARI BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-CV-313-WKW |
| ) | [WO] |
| MT. MEIGS YOUTH FACILITY and ) | |
| DEPARTMENT OF YOUTH ) | |
| SERVICES, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Shenard Khamari Brooks filed this 42 U.S.C. § 1983 action for alleged violations of his federal constitutional rights while in the custody of the Alabama Department of Youth Services at the Mt. Meigs Campus. His complaint was docketed on April 29, 2025. On May 14, 2025, an Order was entered directing Plaintiff to submit an inmate account statement in support of his motion to proceeding *in forma pauperis*. (Doc. # 4.) Although a copy of the May 14th Order was mailed to Plaintiff at his address of record, it was returned by the United States Postal Service, marked as "Return to Sender." The envelope also bears an additional stamp: "Inmate Released." (Doc. # 6.)

It appears that Plaintiff has been released from custody, but he has not provided a current address for service of filings in his case. This action cannot

proceed absent Plaintiff's active participation and where his location is unknown. Because the record reflects Plaintiff's lack of interest in pursuing this action, it will be dismissed without prejudice.

The authority of courts to impose sanctions for failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. Dismissal as a sanction, however, "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).

In this instance, Plaintiff has failed to notify the court of his address change, and his whereabouts are unknown. An Order requiring Plaintiff to show cause why dismissal is not warranted for failure to prosecute merely would take a round trip through the United States mail, serving no meaningful purpose. Based upon Plaintiff's failure to prosecute, the court finds a clear record of delay and concludes that no sanction short of dismissal without prejudice would be adequate. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 27th day of June, 2025.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE